IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00104-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ZACHARY PAUL ANDERSON,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America, by and through Daniel McIntyre, Assistant United States Attorney, and the defendant, ZACHARY PAUL ANDERSON, personally and by counsel, Mary Butterton, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

**A. Defendant's Obligations:**

The defendant agrees to (1) plead guilty to Count 1 of the indictment, charging a violation of 18 U.S.C. § 111(a)(1) and (b), Assault of a Federal Officer causing bodily injury; and (2) waive his appeal rights, as detailed below.

**B. Government's Obligations:**

In exchange for the defendant's plea of guilty and waiver of his appellate rights, the United States agrees to (1) recommend the Court give the defendant full credit for


Court Exhibit

1
21-cr-104-RM

acceptance of responsibility, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under U.S.S.G. §§ 3C1.1 and 3E1.1, comment (note 4) between the time of the guilty plea and sentencing; (2) recommend a sentence within advisory guideline range as finally calculated by the Court, and (3) dismiss Count 2 of the Indictment at the time of, or after sentencing in this matter.

### C. Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 13; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived

of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offenses to which the defendant will plead guilty are as follows:

*First,*   The defendant forcibly assaulted resisted opposed impeded intimidated or interfered with the person described in the indictment;

*Second,* The person assaulted resisted opposed impeded intimidated or interfered with was a federal officer who was then engaged in the performance of his official duty, as charged; and

*Third,*   The defendant did such acts intentionally;

*Fourth,* In doing such acts, the defendant inflicted bodily injury

## STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 111(a)(1) and (b) is no more than 20 years imprisonment, no more than a $250,000 fine, or both; no more than 3 years of supervised release; and a $100 special assessment fee. If a term of supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

## IV. COLLATERAL CONSEQUENCES

This felony conviction may cause the loss of civil rights including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the

Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts that do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate and agree as follows:   J.M is a federal officer who at all times relevant to Count 1 of the Indictment was engaged in the performance of his official duties.

On April 30, 2020, The defendant, Zachary Anderson was a prisoner at the United States Penitentiary in Florence, Colorado (USP).  On that date he was housed in the special housing unit (SHU).  Prior to April 30, 2020, Anderson had requested to speak with a medical services provider employed by the facility.  On April 30, 2020, the provider requested that Anderson be transported from his cell to the provider's office.  J.M. was assigned to transport him.  J.M. went to Anderson's cell and placed him in restraints. When he opened the cell door and asked Anderson to step out of the cell, Anderson initially complied, but then turned and lunged at J.M.  Anderson headbutted J.M. on the nose causing J.M. to bleed.  J.M tried to gain physical control over Anderson but Anderson continued to fight J.M. until J.M. was able to place him on the floor. After he was placed on the floor, Anderson stated to J.M. "you got what you deserved mother

fucker," and "if I had metal I would stick you."[1]

Anderson caused bodily injury to J.M., namely, J.M. experienced a bloody nose as a result of the headbutt.   He also experienced bruising on his nose and near his eye.

## VI.     ADVISORY GUIDELINE COMPUTATION AND 18 U.S.C. § 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. To aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines (U.S.S.G.). To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The parties understand that, although the Court will consider the parties' guideline estimate, the Court must make its own determination of the applicable guideline range. In doing so, the Court is not bound by the position of any party. The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

---

[1] Mr. Anderson denies saying "if I had metal I would stick you." Mr. Anderson recalls saying "You wanna call me a bitch? Fuck you."

**Offense Level**:   The base guideline is § 2A2.4.

   A.  The base offense level is **10**.   § 2A2.4 (a).

   B.  Specific Offense Characteristics:

       a.  **3** levels are added because the offense involved physical contact. 2A2.4(b)(1).

       b.  **2** levels are added because the victim sustained bodily injury. 2A.2.4(b)(2).

   C.  No victim-related, role-in-offense, obstruction and/or multiple count adjustments apply.

   D.  The total offense level is **15**.

   E.  Defendant should receive a decrease in the offense level by **-2** based upon his acceptance of responsibility.   § 3E1.1(a).

   The adjusted offense level is **13**.

**Criminal History Category**

   A  The parties acknowledge and agree that the estimation regarding defendant's criminal history is tentative. Defendant acknowledges that the criminal history will be further investigated by the United States Probation Department and ultimately determined by the Court. Defendant further acknowledges that any additional facts regarding the criminal history can greatly affect the final guideline range and result in a longer term of imprisonment. Based upon the facts known at this time regarding defendant's criminal history, the parties believe that defendant falls within Criminal History Category ("CHC") **VI**. § 4A1.1.

   The armed career criminal adjustments tentatively do not apply. § 4B1.1.

**Guideline Ranges**

B. The guideline range resulting from the estimated offense level of **13** and the estimated criminal history category of **VI** is **33-41 months** imprisonment. However, the imprisonment range could be from 12 months (bottom of CHC I) to 41 months (top of CHC VI).

C. Pursuant to § 5E1.2, assuming the estimated offense level of 13, the fine range for this offense would be $5,500 to $55,000, plus applicable interest and penalties.

Pursuant to § 5D1.2, if the Court imposes the term of supervised release, that term shall be at least 1 year but not more than 3 years.

## VII.  ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 11-22-21

_____
Zachary Anderson
Defendant

Date: 11/22/21

_____
Mary Butterton
Attorney for the Defendant

Date: 11/22/21

_____
Daniel McIntyre
Assistant United States Attorney

7