APPEAL,TERMED

# U.S. District Court – District of Colorado
## District of Colorado (Denver)
## CRIMINAL DOCKET FOR CASE #: <u>1:21–cr–00104–RM</u>–1

Case title: USA v. Anderson

Date Filed: 04/06/2021

Date Terminated: 08/31/2022

---

Assigned to: Judge Raymond P. Moore

Appeals court case number: 22–1282 USCA

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **Zachary Paul Anderson**<br>*TERMINATED: 08/31/2022* | represented by | **John M. Richilano**<br>Richilano Shea, LLC<br>1800 15th Street<br>#101<br>Denver, CO 80202<br>303–893–8000<br>Fax: 303–893–8055<br>Email: <u>jmr@richilanoshea.com</u><br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |
| | | **Mary Virginia Butterton**<br>Federal Public Defender's Office<br>Districts of Colorado and Wyoming<br>633 17th Street<br>Suite 1000<br>Denver, CO 80202<br>303–294–7002<br>Fax: 303–294–7002<br>Email: <u>mary_butterton@fd.org</u><br>*TERMINATED: 01/05/2022*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community Defender Appointment* |

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| 18 U.S.C. § 111 – Assault on federal officer bodily injury (1) | Committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of sixty (60) months, consecutive to the sentence imposed in United States District Court, District of Utah, Docket No. 2:18–CR–00486–001–DAK. Special Assessment of $100.00. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18 U.S.C. § 111 – Assault on federal officer physical contact (2) | Dismissed on motion of the Government. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

| **USA** | represented by | **Daniel Robert McIntyre** |
|---|---|---|

U.S. Attorney's Office
District of Colorado
1801 California Street
Suite 1600
Denver, CO 80202
303–454–0100
Email: daniel.mcintyre@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Federal Agency Attorney*

**Albert C. Buchman**
U.S. Attorney's Office
1801 California Street
Suite 1600
Denver, CO 80202
303–454–0228
Email: al.buchman@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Federal Agency Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/06/2021 | 1 | | INDICTMENT as to Zachary Paul Anderson (1) count(s) 1, 2. (Attachments: # 1 Criminal Information Sheet) (rvill, ) (Entered: 04/07/2021) |
| 04/06/2021 | 2 | | RESTRICTED DOCUMENT – Level 4: as to Zachary Paul Anderson. (rvill, ) (Entered: 04/07/2021) |

| 04/06/2021 | 3 | | Arrest Warrant Issued in case as to Zachary Paul Anderson. (rvill, ) (Entered: 04/07/2021) |
|---|---|---|---|
| 07/30/2021 | 4 | | Arrest of Zachary Paul Anderson. Initial Appearance set for 7/30/2021 10:00 AM in Courtroom C201 before Magistrate Judge S. Kato Crews. (Text Only entry)(jgonz, ) (Entered: 07/30/2021) |
| 07/30/2021 | 5 | | COURTROOM MINUTES for proceedings held before Magistrate Judge S. Kato Crews: Initial Appearance, Arraignment, Discovery, and Detention Hearing as to Zachary Paul Anderson held on 7/30/2021. Defendant present in custody. Defendant advised. Court appoints counsel. Plea of NOT GUILTY entered by defendant. Discovery memorandum executed. Defendant is not contesting detention. Defendant ORDERED detained. Defendant remanded. Counsel is directed to chambers. (Total time: 7 minutes, Hearing time: 10:21–10:28 a.m.)<br><br>**APPEARANCES**: Daniel McIntyre on behalf of the Government, David Johnson on behalf of the defendant, Pat Hanley on behalf of pretrial. FTR: Courtroom C–201. (amont, ) Text Only Entry (Entered: 07/30/2021) |
| 07/30/2021 | 6 | | ORDER APPOINTING COUNSEL as to Zachary Paul Anderson by Magistrate Judge S. Kato Crews on 7/30/2021. Text Only Entry (amont, ) (Entered: 07/30/2021) |
| 07/30/2021 | 7 | | CJA 23 Financial Affidavit by Zachary Paul Anderson. (amont, ) (Entered: 07/30/2021) |
| 07/30/2021 | 8 | | Discovery Conference Memorandum and ORDER: Estimated Trial Time – less than 5 days as to Zachary Paul Anderson by Magistrate Judge S. Kato Crews on 7/30/2021. (amont, ) (Entered: 07/30/2021) |
| 07/30/2021 | 9 | | ORDER OF DETENTION as to Zachary Paul Anderson by Magistrate Judge S. Kato Crews on 7/30/2021. (amont, ) (Entered: 07/30/2021) |
| 08/02/2021 | 10 | | ORDER Setting Trial Dates and Deadlines as to Zachary Paul Anderson. This matter has been scheduled for a four–day jury trial on the docket of Judge Raymond P. Moore in the U.S. District Courthouse, Courtroom A601, 6th Floor, 901 19th Street, Denver, Colorado to commence on October 4, 2021 at 9:00 a.m. On the first day of trial, counsel shall be present at 8:30 a.m. All pretrial motions shall be filed by August 20, 2021 and responses to these motions shall be filed by August 27, 2021. A Trial Preparation Conference is set for September 24, 2021 at 9:00 a.m. in Courtroom A601. Lead counsel who will try the case shall attend in person. Defendant is also required to be present. ORDERED by Judge Raymond P. Moore on August 2, 2021. (rvill, ) (Entered: 08/02/2021) |
| 08/02/2021 | 11 | | NOTICE OF ATTORNEY APPEARANCE: Mary Virginia Butterton appearing for Zachary Paul AndersonAttorney Mary Virginia Butterton added to party Zachary Paul Anderson(pty:dft) (Butterton, Mary) (Entered: 08/02/2021) |
| 08/03/2021 | 12 | | Arrest Warrant Returned Executed on 7/30/2021 in case as to Zachary Paul Anderson. (rvill, ) (Entered: 08/03/2021) |
| 08/20/2021 | 13 | | Unopposed MOTION to Exclude *60–Days from the Requirements of the Speedy Trial Act* by Zachary Paul Anderson. (Butterton, Mary) (Entered: |

3

| | | |
|---|---|---|
| | | 08/20/2021) |
| 08/27/2021 | 15 | ORDER Granting 13 Defendant's Unopposed Motion to Exclude 60 Days from the Requirements of the Speedy Trial Act (ECF No. 13 ); **The 70–day clock, exclusive of tolled time, shall accordingly be extended from October 8, 2021** to **December 7, 2021**; The current Trial date and all pretrial deadlines and settings are hereby **VACATED**. The **four–day** jury trial is RESET for **December 6, 2021** at **9:00 a.m.** On the first day of trial, counsel shall be present at **8:30 a.m.** The Trial Preparation Conference is **RESET** for **November 23, 2021** at **3:00 p.m.**in Courtroom A601. Defendant shall have to and including **October 15, 2021** to file pretrial motions and responses to these motions shall be filed by **October 25, 2021,** by Judge Raymond P. Moore on 8/27/2012. (evana, ) (Entered: 08/27/2021) |
| 09/15/2021 | 16 | NOTICE of Disposition by Zachary Paul Anderson (Butterton, Mary) (Entered: 09/15/2021) |
| 09/15/2021 | 17 | ORDER SETTING CHANGE OF PLEA HEARING as to Zachary Paul Anderson. Pursuant to the Notice of Disposition filed on September 15, 2021 (ECF No. 16 ). A Change of Plea Hearing is set for November 22, 2021 at 10:30 a.m. Counsel for the parties shall email a courtesy copy of all change of plea documents separately to my chambers:(Moore_Chambers@cod.uscourts.gov) and to the Probation Department not later than 72hours before the change of plea hearing. IT IS ORDERED that the trial preparation conference scheduled for November 23, 2021,and the four–day jury trial scheduled for December 6, 2021 are VACATED, by Judge Raymond P. Moore on 9/15/2021. (evana, ) (Entered: 09/15/2021) |
| 11/22/2021 | 18 | MINUTE ENTRY for proceedings held before Judge Raymond P. Moore: Change of Plea Hearing as to Zachary Paul Anderson held on 11/22/2021. Plea entered by Zachary Paul Anderson (1) Guilty Count 1. Sentencing set for 2/18/2022 03:00 PM in Courtroom A 601 before Judge Raymond P. Moore. Defendant remanded. Court Reporter: Kevin Carlin. (rkeec) (Entered: 11/22/2021) |
| 11/22/2021 | 19 | PLEA AGREEMENT as to Zachary Paul Anderson. (rkeec) (Entered: 11/22/2021) |
| 11/22/2021 | 20 | STATEMENT IN ADVANCE OF PLEA OF GUILTY by Defendant Zachary Paul Anderson. (rkeec) (Entered: 11/22/2021) |
| 12/17/2021 | 21 | NOTICE OF ATTORNEY APPEARANCE Albert C. Buchman appearing for USA. Attorney Albert C. Buchman added to party USA(pty:pla) (Buchman, Albert) (Entered: 12/17/2021) |
| 01/03/2022 | 22 | Unopposed MOTION for Order *to Continue Sentencing Hearing* by Zachary Paul Anderson. (Butterton, Mary) (Entered: 01/03/2022) |
| 01/04/2022 | 23 | ORDER granting 22 Unopposed Motion to Continue Sentencing Hearing as to Zachary Paul Anderson (1). The Sentencing Hearing set for February 18, 2022, is VACATED. Counsel are directed to contact the Court's Judicial Assistant via email (Deanne_Bader@cod.uscourts.gov), on or before the close of business on Friday, January 7, 2022, to reset the Sentencing Hearing. SO ORDERED by Judge Raymond P. Moore on 1/4/2022. (Text Only Entry) (rmsec ) (Entered: |

| | | | |
|---|---|---|---|
| | | | 01/04/2022 |
| 01/04/2022 | 24 | | MOTION to Withdraw as Attorney *of Record and to Appoint New Counsel From the Criminal Justice Act Panel* by Mary Butterton by Zachary Paul Anderson. (Butterton, Mary) (Entered: 01/04/2022) |
| 01/05/2022 | 25 | | ORDER Granting 24 Motion to Withdraw as Counsel of Record and to Appoint New Counsel from the Criminal Justice Act as to Zachary Paul Anderson (1). By Judge Raymond P. Moore on 01/05/2022. (sdunb, ) (Entered: 01/05/2022) |
| 01/05/2022 | 26 | | NOTICE OF ATTORNEY APPEARANCE: John M. Richilano appearing for Zachary Paul AndersonAttorney John M. Richilano added to party Zachary Paul Anderson(pty:dft) (Richilano, John) (Entered: 01/05/2022) |
| 01/06/2022 | 27 | | MINUTE ORDER as to Zachary Paul Anderson. Sentencing RESET for 6/17/2022 at 03:00 PM in Courtroom A 601 before Judge Raymond P. Moore. SO ORDERED by Judge Raymond P. Moore on 1/6/2022. (Text Only Entry) (rmsec) (Entered: 01/06/2022) |
| 02/01/2022 | 28 | | RESTRICTED PRESENTENCE REPORT first disclosure for attorney review as to Zachary Paul Anderson (Attachments: # 1 Exhibit A)(ntaka) (Entered: 02/01/2022) |
| 02/15/2022 | 29 | | RESTRICTED DOCUMENT – Level 2: as to Zachary Paul Anderson. (Attachments: # 1 Appendix A)(Richilano, John) (Entered: 02/15/2022) |
| 06/02/2022 | 30 | | RESTRICTED PRESENTENCE REPORT as to Zachary Paul Anderson (Attachments: # 1 Exhibit A)(ntaka) (Entered: 06/02/2022) |
| 06/02/2022 | 31 | | RESTRICTED ADDENDUM to Presentence Report 30 as to Zachary Paul Anderson (ntaka) (Entered: 06/02/2022) |
| 06/03/2022 | 32 | | RESTRICTED DOCUMENT – Level 2: as to Zachary Paul Anderson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Richilano, John) (Entered: 06/03/2022) |
| 06/10/2022 | 33 | | RESTRICTED DOCUMENT – Level 2: as to Zachary Paul Anderson. (McIntyre, Daniel) (Entered: 06/10/2022) |
| 06/14/2022 | 34 | | MINUTE ORDER as to Zachary Paul Anderson. This matter is before the Court *sua sponte*. The Sentencing Hearing currently set for June 17, 2022, is VACATED. Counsel are directed to contact the Court's Judicial Assistant via email (Deanne_bader@cod.uscourts) on or before the close on June 16, 2022, to reset this matter approximately 45 days from today's date. The reason that the matter is being continued is because there is a significant possibility, in the eyes of the Court, that the Defendant is subject to the career offender guideline based on his convictions at &para&para 32 and 39 of the Presentence Investigation Report. The Probation Office's view on this matter will be set forth in an Addendum to be filed within 10 days of the date of this Order. Upon the filing of the Addendum, the parties shall have 10 days within which to file objections or further sentencing statements based on the Addendum. SO ORDERED by Judge Raymond P. Moore on 6/14/2022. (Text Only Entry) (rmsec ) (Entered: 06/14/2022) |
| 06/16/2022 | 35 | | MINUTE ORDER as to Zachary Paul Anderson. Sentencing RESET for 8/29/2022 at 09:30 AM in Courtroom A 601 before Judge Raymond P. Moore. |

| | | |
|---|---|---|
| | | SO ORDERED by Judge Raymond P. Moore on 6/16/2022. (Text Only Entry) (rmsec ) (Entered: 06/16/2022) |
| 06/22/2022 | 36 | RESTRICTED REVISED PRESENTENCE REPORT as to Zachary Paul Anderson (Attachments: # 1 Exhibit A)(ntaka) (Entered: 06/22/2022) |
| 06/22/2022 | 37 | RESTRICTED SECOND ADDENDUM to Presentence Report 36 as to Zachary Paul Anderson (Attachments: # 1 Exhibit A)(ntaka) (Entered: 06/22/2022) |
| 06/28/2022 | 38 | RESTRICTED THIRD ADDENDUM to Presentence Report 36 as to Zachary Paul Anderson (Attachments: # 1 Exhibit A)(ntaka) (Entered: 06/28/2022) |
| 07/01/2022 | 39 | RESTRICTED DOCUMENT – Level 2: as to Zachary Paul Anderson. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Richilano, John) (Entered: 07/01/2022) |
| 07/11/2022 | 40 | RESTRICTED DOCUMENT – Level 2: as to Zachary Paul Anderson. (McIntyre, Daniel) (Entered: 07/11/2022) |
| 07/15/2022 | 41 | RESTRICTED DOCUMENT – Level 2: as to Zachary Paul Anderson. (Richilano, John) (Entered: 07/15/2022) |
| 08/23/2022 | 42 | RESTRICTED DOCUMENT – Level 2: as to Zachary Paul Anderson. (Richilano, John) (Entered: 08/23/2022) |
| 08/23/2022 | 43 | RESTRICTED DOCUMENT – Level 2: as to Zachary Paul Anderson. By Judge Raymond P. Moore on 8/23/2022. (sdunb, ) (Entered: 08/23/2022) |
| 08/29/2022 | 44 | COURTROOM MINUTES for proceedings held before Judge Raymond P. Moore: Sentencing held on 8/29/2022 as to Zachary Paul Anderson. Motions 32 and 39 are denied. Defendant sentenced as reflected on the record. Court Reporter: Tammy Hoffschildt. (cpear) (Entered: 08/29/2022) |
| 08/31/2022 | 45 | JUDGMENT as to defendant Zachary Paul Anderson (1). Count 1 – Committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of sixty (60) months, consecutive to the sentence imposed in United States District Court, District of Utah, Docket No. 2:18–CR–00486–001–DAK. Special Assessment of $100.00. Count 2 – Dismissed on motion of the Government. SO ORDERED by Judge Raymond P. Moore on 8/31/2022. (rmsec ) (Entered: 08/31/2022) |
| 08/31/2022 | 46 | STATEMENT OF REASONS as to Zachary Paul Anderson. (rmsec ) (Entered: 08/31/2022) |
| 09/09/2022 | 47 | NOTICE OF APPEAL as to 45 Judgment, by Zachary Paul Anderson. (Richilano, John) (Entered: 09/09/2022) |
| 09/12/2022 | 48 | LETTER Transmitting Notice of Appeal to all counsel advising of the transmittal of the 47 Notice of Appeal as to Zachary Paul Anderson to the U.S. Court of Appeals. ( CJA,) (Attachments: # 1 Preliminary Record, # 2 Docket Sheet)(sdunb, ) (Entered: 09/12/2022) |
| 09/12/2022 | 49 | USCA Case Number as to Zachary Paul Anderson 22–1282 for 47 Notice of Appeal filed by Zachary Paul Anderson. (sdunb, ) (Entered: 09/12/2022) |
| 09/16/2022 | 50 | |

| | | | |
|---|---|---|---|
| | | | DESIGNATION OF RECORD ON APPEAL re 47 Notice of Appeal by Zachary Paul Anderson. (Richilano, John) (Entered: 09/16/2022) |
| 09/21/2022 | 51 | | ORDER of USCA filed by Judge Tymkovich granting Attorney Richilano's motion to withdraw, and appointing Ryan Joseph Ricardo Villa to represent appellant as to Zachary Paul Anderson re 47 Notice of Appeal. (USCA Case No. 22−1282) (sdunb, ) (Entered: 09/21/2022) |
| 10/03/2022 | 52 | | TRANSCRIPT of Change of Plea as to Zachary Paul Anderson held on 11/22/2021 before Judge Moore. Pages: 1−26. <br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** <br><br> Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (kcarl, ) (Entered: 10/03/2022) |
| 10/14/2022 | 53 | | DESIGNATION OF RECORD ON APPEAL re 47 Notice of Appeal by Zachary Paul Anderson. (Attachments: # 1 Continuation of Main Document Transcript Order Form)(Richilano, John) (Entered: 10/14/2022) |
| 10/14/2022 | 54 | | TRANSCRIPT ORDER FORM by Zachary Paul Anderson re 47 Notice of Appeal. (sdunb, ) (Entered: 10/14/2022) |
| 11/06/2022 | 55 | | TRANSCRIPT of Sentencing Hearing as to Zachary Paul Anderson held on August 29, 2022 before Judge Moore. Pages: 1−51. <br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** <br><br> Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 11/06/2022) |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No.  21-cr-00104-RM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

   1.  ZACHARY PAUL ANDERSON,

     Defendant.

---

## INDICTMENT

---

The Grand Jury charges:

## COUNT 1

On or about April 30, 2020, at the United States Penitentiary in Florence, Colorado, in the State and District of Colorado, the defendant, ZACHARY PAUL ANDERSON, did intentionally forcibly assault, resist, oppose, impede, intimidate, and interfere with the victim, J.M., an officer and employee of the Federal Bureau of Prisons, an agency of a branch of the United States government, as designated in Title 18, United States Code, Section 1114, while the victim was engaged in and on account of the performance of his official duties, and did inflict bodily injury upon the victim, J.M., in the commission of such act.

All in violation of Title 18, United States Code, Section 111(a)(1) and (b).

## COUNT 2

On or about April 30, 2020, at the United States Penitentiary in Florence, Colorado,

in the State and District of Colorado, the defendant, ZACHARY PAUL ANDERSON, did

intentionally forcibly assault, resist, oppose, impede, intimidate, and interfere with the

victim, J.B., an officer and employee of the Federal Bureau of Prisons, an agency of a

branch of the United States government, as designated in Title 18, United States Code,

Section 1114, while the victim was engaged in and on account of the performance of his

official duties, and such acts involved physical contact with the victim, J.B.

All in violation of Title 18, United States Code, Section 111(a)(1).


A TRUE BILL:


Ink signature on file in Clerk's Office
FOREPERSON


MATTHEW T. KIRSCH
Acting United States Attorney


By: s/Daniel R. McIntyre
Daniel R. McIntyre
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax: 303-454-0406
E-mail: Daniel.mcintyre@usdoj.gov
Attorney for Government

| | |
|---|---|
| <u>DEFENDANT</u>: | Zachary Paul Anderson |
| <u>AGE or YOB</u>: | 1993 |
| <u>COMPLAINT FILED?</u> | _____ Yes    <u>  X  </u> No |

                              If Yes, MAGISTRATE CASE NUMBER

<u>HAS DEFENDANT BEEN ARRESTED ON COMPLAINT</u>?    \_\_ Yes    <u>x</u> No
    If No, a new warrant is required

| | |
|---|---|
| <u>OFFENSE(S)</u>: | <u>Count 1</u>: 18 U.S.C. § 111 - Assault on federal officer – bodily injury |
| | <u>Count 2</u>: 18 U.S.C. § 111 - Assault on federal officer – physical contact |
| <u>LOCATION OF OFFENSE</u>: | Fremont County, Colorado |
| <u>PENALTY</u>: | <u>Count 1</u>:  18 U.S.C. § 111 - NMT 20 years imprisonment, $250,000 fine, or both; NMT 3 years supervised release; $100 Special Assessment; |
| | <u>Count 2</u>:  18 U.S.C. § 111 - NMT 8 years imprisonment, $250,000 fine, or both; NMT 3 years supervised release; $100 Special Assessment. |
| <u>AGENT</u>: | Amber Cronan<br>Special Agent, Federal Bureau of Investigation |
| <u>AUTHORIZED BY</u>: | Daniel R. McIntyre<br>Assistant U.S. Attorney |

<u>ESTIMATED TIME OF TRIAL</u>:

<u> X </u> five days or less; \_\_\_ over five days

<u>THE GOVERNMENT</u>

<u>X</u>\_\_ will seek detention in this case based on 18 U.S.C. § 3142(f)(1)

The statutory presumption of detention **is** applicable to this defendant.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Criminal Case No. 21-cr-00104-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     ZACHARY PAUL ANDERSON,

      Defendant.

_____

## ORDER SETTING CHANGE OF PLEA HEARING

_____

Pursuant to the Notice of Disposition filed on September 15, 2021 (ECF No. 16). A Change of Plea Hearing is set for **November 22, 2021** at **10:30 a.m. Counsel for the parties shall email a courtesy copy of all change of plea documents separately to my chambers: (Moore_Chambers@cod.uscourts.gov) and to the Probation Department not later than 72 hours before the change of plea hearing**. On the date of the hearing, counsel shall bring with them an original and one copy of the plea agreement and the statement in advance. *See* D.C.COLO.LCrR 11.1F.

The plea agreement shall be in the form required by D.C.COLO.LCrR 11.1C which includes a separate section identifying each essential element required by law for the commission of each criminal offense to which the defendant intends to enter a plea of guilty. The statement in advance shall be in the form required by D.C.COLO.LCrR 11.1D.

IT IS ORDERED that the trial preparation conference scheduled for **November 23, 2021**, and the four-day jury trial scheduled for **December 6, 2021** are VACATED.

DATED this 15th day of September, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE RAYMOND P. MOORE**

---

| | |
|---|---|
| Courtroom Deputy:   Robert R. Keech | Date:   November 22, 2021 |
| Court Reporter:   Kevin Carlin | Interpreter:   N/A |
| Probation:   N/A | |

---

**CASE NO.   21-cr-00104-RM**

<u>Parties</u>                                                                                  <u>Counsel</u>

UNITED STATES OF AMERICA,                                Daniel R. McIntyre

         Plaintiff,

v.

1.   ZACHARY PAUL ANDERSON,                      Mary V. Butterton

         Defendant.

---

**COURTROOM MINUTES**

---

**CHANGE OF PLEA
COURT IN SESSION:        10:36 a.m.**

Appearances of counsel.   Defendant is present and in custody.

Defendant is sworn and answers true name.   Defendant is 28 years old.

**EXHIBITS:**   Plea documents received.

Defendant waives reading of the Indictment.

Defendant pleads GUILTY to Count 1 of the Indictment.

Defendant advised of maximum penalties.

Defendant's right to trial by jury and other constitutional rights explained.

The Court states findings and conclusions, accepts the plea of guilty, and defers acceptance of the Plea Agreement until the time of sentencing.

**ORDERED:** The Probation Office **shall** conduct an independent factual investigation in this case.

**ORDERED:** Sentencing is set for **Friday, February 18, 2022, at 3:00 p.m., in Courtroom A-801.**

**ORDERED:** Any information, release, data, or material provided to the Probation Office by the defendant shall be used by the Probation Office only for the preparation of the report and for no other purposes without further order or authorization from the Court.

**ORDERED:** Defendant is remanded to the custody of the U.S. Marshal Service.

**COURT IN RECESS:**      **11:03 a.m.**
**Total in court time:**      **:27**
**Hearing concluded**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00104-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ZACHARY PAUL ANDERSON,

      Defendant.

---

## PLEA AGREEMENT

---

The United States of America, by and through Daniel McIntyre, Assistant United States Attorney, and the defendant, ZACHARY PAUL ANDERSON, personally and by counsel, Mary Butterton, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

**A. Defendant's Obligations:**

The defendant agrees to (1) plead guilty to Count 1 of the indictment, charging a violation of 18 U.S.C. § 111(a)(1) and (b), Assault of a Federal Officer causing bodily injury; and (2) waive his appeal rights, as detailed below.

**B. Government's Obligations:**

In exchange for the defendant's plea of guilty and waiver of his appellate rights, the United States agrees to (1) recommend the Court give the defendant full credit for

1

Court Exhibit

1

21-cr-104-RM

acceptance of responsibility, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under U.S.S.G. §§ 3C1.1 and 3E1.1, comment (note 4) between the time of the guilty plea and sentencing; (2) recommend a sentence within advisory guideline range as finally calculated by the Court, and (3) dismiss Count 2 of the Indictment at the time of, or after sentencing in this matter.

## C. Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 13; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived

2

of the effective assistance of counsel; or (3) the defendant was prejudiced by

prosecutorial misconduct.

## II.  ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offenses to which the defendant will

plead guilty are as follows:

*First*,         The defendant forcibly assaulted resisted opposed impeded
             intimidated or interfered with the person described in the indictment;

*Second*,   The person assaulted resisted opposed impeded intimidated or
             interfered with was a federal officer who was then engaged in the
             performance of his official duty, as charged; and

*Third*,       The defendant did such acts intentionally;

*Fourth*,     In doing such acts, the defendant inflicted bodily injury

### STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 111(a)(1) and (b) is

no more than 20 years imprisonment, no more than a $250,000 fine, or both; no more

than 3 years of supervised release; and a $100 special assessment fee. If a term of

supervised release is imposed, any violation of the terms and/or conditions of supervision

may result in an additional term of imprisonment.

## IV.  COLLATERAL CONSEQUENCES

This felony conviction may cause the loss of civil rights including, but not limited

to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V.  STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant

will tender pursuant to this plea agreement.   That basis is set forth below.   Because the

3

Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts that do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate and agree as follows:    J.M is a federal officer who at all times relevant to Count 1 of the Indictment was engaged in the performance of his official duties.

On April 30, 2020, The defendant, Zachary Anderson was a prisoner at the United States Penitentiary in Florence,  Colorado (USP).   On that date he was housed in the special housing unit (SHU).   Prior to April 30, 2020, Anderson had requested to speak with a medical services provider employed by the facility.    On April 30, 2020, the provider requested that Anderson be transported from his cell to the  provider's office.   J.M. was assigned  to transport him.   J.M. went to Anderson's cell and placed him in restraints. When he opened the cell door and asked Anderson to step out of the cell, Anderson initially complied, but then turned and lunged at J.M.   Anderson headbutted J.M. on the nose  causing  J.M. to  bleed.    J.M tried to gain physical control over Anderson  but Anderson continued to fight J.M. until J.M. was able to place him on the floor. After he was placed on the floor, Anderson stated to J.M. "you got what you deserved mother

4

fucker," and "if I had metal I would stick you."[1]

Anderson caused bodily injury to J.M., namely, J.M. experienced a bloody nose as a result of the headbutt.   He also experienced bruising on his nose and near his eye.

## VI.   ADVISORY GUIDELINE COMPUTATION AND 18 U.S.C. § 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. To aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines (U.S.S.G.). To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The parties understand that, although the Court will consider the parties' guideline estimate, the Court must make its own determination of the applicable guideline range. In doing so, the Court is not bound by the position of any party. The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

---

[1] Mr. Anderson denies saying "if I had metal I would stick you." Mr. Anderson recalls saying "You wanna call me a bitch? Fuck you."

**Offense Level**:    The base guideline is § 2A2.4.

A.  The base offense level is **10**.    § 2A2.4 (a).

B.  Specific Offense Characteristics:

    a.  **3** levels are added because the offense involved physical contact.

    2A2.4(b)(1).

    b.  **2** levels are added because the victim sustained bodily injury.

    2A.2.4(b)(2).

C.  No victim-related, role-in-offense, obstruction and/or multiple count adjustments

    apply.

D.  The total offense level is **15**.

E.  Defendant should receive a decrease in the offense level by **-2** based upon his

    acceptance of responsibility.    § 3E1.1(a).

    The adjusted offense level is **13**.

**Criminal History Category**

A   The parties acknowledge and agree that the estimation regarding defendant's

criminal history is tentative. Defendant acknowledges that the criminal history will

be further investigated by the United States Probation Department and ultimately

determined by the Court. Defendant further acknowledges that any additional

facts regarding the criminal history can greatly affect the final guideline range and

result in a longer term of imprisonment. Based upon the facts known at this time

regarding defendant's criminal history, the parties believe that defendant falls

within Criminal History Category ("CHC") **VI**. § 4A1.1.

The armed career criminal adjustments tentatively do not apply. § 4B1.1.

6

**Guideline Ranges**

B. The guideline range resulting from the estimated offense level of **13** and the estimated criminal history category of **VI** is **33-41 months** imprisonment. However, the imprisonment range could be from 12 months (bottom of CHC I) to 41 months (top of CHC VI).

C. Pursuant to § 5E1.2, assuming the estimated offense level of 13, the fine range for this offense would be $5,500 to $55,000, plus applicable interest and penalties.

Pursuant to § 5D1.2, if the Court imposes the term of supervised release, that term shall be at least 1 year but not more than 3 years.

## VII. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 11-22-21

Zachary Anderson
Defendant

Date: 11/22/21

Mary Butterton
Attorney for the Defendant

Date: 11/02/21

Daniel McIntyre
Assistant United States Attorney

7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-00104-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ZACHARY PAUL ANDERSON,

      Defendant.

---

## STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY

---

      I acknowledge and certify that I have been advised of and understand the following facts and rights, that all representations contained in this document are true and correct, and that my attorney has assisted me as I have reviewed and completed this document.

      1.    The nature of the charge(s) against me has/have been explained to me by my attorney. I have had an opportunity to discuss with my attorney both the nature of the charge(s) and the elements which the government is required to prove.

      2.    I know that when the Court sentences me, the Court will consider many factors. These factors are listed in 18 U.S.C. § 3553 and include (a) the nature and circumstances of the offense and my personal history and characteristics, (b) the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public, and provide me with needed training, care or correctional treatment in the most effective manner, (c) the kinds of sentences available to the court, (d) the advisory sentencing guidelines



Court Exhibit

2

21-cr-104-RM

established by the U.S. Sentencing Commission, (e) the pertinent policy statements of the U.S. Sentencing Commission, (f) the need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct, and (g) the need to provide restitution. No single factor is controlling or determinative. I recognize that it is possible that the Court could, after considering these factors, impose any sentence in my case, including one which is as severe as the maximum term of imprisonment, the maximum fine, full restitution (if applicable), the maximum term of supervised release, and a special assessment, all as set out in paragraph 3 below.

3.    I know that the following penalties may be imposed as a result of my guilty plea(s) to Count 1 of the indictment, charging a violation of 18 U.S.C. § 111(a)(1) and (b), Assault of a Federal Officer causing bodily injury:

      a.    Imprisonment for a term of not more than 20 years;

      b.    A term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583;

      c.    A fine of not more than $250,000, pursuant to the statute that I admit I violated and/or the alternative fine schedule set out at 18 U.S.C. § 3571;

      d.    Restitution to the victim(s) of my crime(s) of not more than $____, pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664;

      e.    A special assessment of $100, pursuant to 18 U.S.C. § 3013;

4.    I know that if I am convicted of more than one count, the sentences imposed may be either concurrent (served at the same time) or consecutive (served

2

separately or back-to-back) unless the statutory penalty for an offense of conviction expressly requires that a sentence be imposed to run consecutively.

5.      I know that in addition to any punishment that the Court may impose, there are collateral consequences to pleading guilty to a crime. These consequences are neither imposed nor controlled by the Court. For example, pleading guilty may result in a loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury. And, if I am not a citizen of the United States, these consequences may include deportation from the United States or indefinite confinement if there is no country to which I may be deported, denial of the right to enter the United States in the future, and denial of citizenship.

6.      I know that if I am given a term of supervised release as a part of my sentence, that supervised release will only begin to run upon my release from custody on all terms of imprisonment imposed by this and any other courts. I understand that any violation of the conditions of that supervised release during its term may lead to an additional prison sentence and additional supervised release being imposed.

7.      I know that there is no parole in the federal system and that I will be required to serve the entire sentence of imprisonment which may be imposed in my case, reduced only by such good time and/or program allowances as may be set by Congress and applied by the Bureau of Prisons.

8.      I know that if a fine or restitution is imposed as a part of my sentence, I will be required to pay interest on any amount in excess of $2,500, unless the fine or

3

restitution is paid in full before the fifteenth day after the date of the judgment or unless interest is waived by the Court.

9.      I know that if a fine or restitution is imposed as a part of my sentence, I will be required to pay it in a timely manner. Failure to do so may trigger monetary penalties, collection efforts by the government, potential revocation of any probation or supervised release, and/or exposure to prosecution for "Criminal Default" under 18 U.S.C. § 3615.

10.     I know that I can be represented by an attorney at every stage of the proceedings in this matter, and I know that, if I cannot afford an attorney, one will be appointed to represent me at no cost or expense to me.

11.     I know that I have a right to plead "not guilty;" and I know that if I do plead "not guilty," I can persist in that plea and demand a trial.

12.     I know that I have a right to and can demand a trial by jury, and I know that if I choose to stand trial:

  a.     I have a right to the assistance of an attorney at every stage of the proceeding;

  b.     I have a right to see and observe the witnesses who testify against me;

  c.     My attorney can cross-examine all witnesses who testify against me;

  d.     I can call and present such relevant witnesses and evidence as I desire, and I can obtain subpoenas to require the attendance and testimony of those witnesses;

  e.     If I cannot afford to pay witness fees and expenses, the government will pay those fees and expenses, including mileage

4

and travel expenses, and including reasonable fees charged by expert witnesses;

f.  I cannot be forced to incriminate myself and I do not have to testify at any trial;

g.  However, I can testify at my trial if I choose to, and I do not have to decide whether or not to testify until after I have heard the government's evidence against me;

h.  If I decide that I do not want to testify at trial, the jury will be told that no guilt or inference adverse to me may be drawn from my decision not to testify;

i.  In order for me to be convicted, the government must prove each and every element of the offense(s) with which I am charged, beyond a reasonable doubt;

j.  In order for me to be convicted, the jury must reach a unanimous verdict of guilty, meaning all jurors must agree that I am guilty; and

k.  If I were to be convicted, I could appeal both my conviction and whatever sentence the Court later imposed, and if I could not afford an appeal, the government would pay the cost of the appeal, including the cost of an appointed attorney.

13.  I know that if I plead guilty, there will not be a trial of any kind.

14.  I know that if I plead guilty, there will be no appellate review of the question of whether or not I am guilty of the offense(s) to which I have pled guilty.

15.  I know that the terms of my plea agreement with the government contain a waiver of my right to appeal or to collaterally attack the sentence. Specifically, I have agreed to waive my appeal under the conditions set forth in the Plea Agreement. Because of this, I know that I cannot seek appellate review of the sentence imposed by the Court in this case, except in the limited circumstances, if any, permitted by my plea agreement.

5

16.     No agreements have been reached and no representations have been made to me as to what the sentence in this case will be, except those which are explicitly detailed in the document entitled "Plea Agreement" which I and the government have signed.  I further understand that any sentencing agreements and stipulations in the document entitled  "Plea Agreement" are binding on the Court only if the parties ask the Court in that document to be so bound pursuant to Rule 11(c)(1)(C) and only if the Court agrees to be so bound when it accepts my guilty plea(s).

17.     The only plea agreement which has been entered into with the government is that which is set out in the document entitled "Plea Agreement" which has been signed by the government and me and which I incorporate herein by reference.

18.     I understand that the Court will make no decision as to what my sentence will be until a Presentence Report has been prepared by the Probation Department and received and reviewed by the Court.

19.     I know that when I enter my plea(s) of guilty, the Court may ask me questions under oath about the offense(s) to which I am pleading guilty.  Such questions, if asked of me on the record and in the presence of my attorney, must be answered by me, and if I give false answers, I can be prosecuted for perjury.

20.     I know that I have the right to ask the Court any questions that I have concerning my rights, these proceedings, and my plea(s) to the charge(s).

21.     I am _____28_____ years of age.  My education consists of ___9th Grade_____.  [I can] [cannot] understand the English language.  (Circle

6

either "can" or "cannot.")  I am not taking any medications which interfere with my ability to understand the proceedings in this matter or which impact or affect my ability to choose whether to plead guilty.

22.     Other than the promises of the government set out in the document entitled "Plea Agreement," no promises and no threats of any sort have been made to me by anyone to induce me or to persuade me to enter my plea(s) in this case.

23.     No one has promised me that I will receive probation, home confinement or any other specific sentence desired by me because of my plea(s) of guilty.

24.     I have had sufficient opportunity to discuss this case and my intended plea(s) of guilty with my attorney.  I do not wish to consult with my attorney any further before I enter my plea(s) of guilty.

25.     I am satisfied with my attorney.  I believe that I have been represented effectively and competently in this case.

26.     My decision to enter the plea(s) of guilty is made after full and careful thought, with the advice of my attorney, and with full understanding of my rights, the facts and circumstances of the case, and the potential consequences of my plea(s) of guilty.  I was not under the influence of any drugs, medication, or intoxicants which affect my decision-making ability when I made the decision to enter my guilty plea(s).  I am not now under the influence of any such drugs, medication or intoxicants.

27.     I want to plead guilty and have no mental reservations about my decision.

28.     Insofar as it shows my conduct, the summary of facts set out in the document entitled "Plea Agreement" is true and correct, except as I have indicated in that document.

29.     I know that I am free to change or delete anything contained in this document and that I am free to list my objections and my disagreements with anything contained in the document entitled "Plea Agreement." I accept both documents as they are currently drafted.

30.     I wish to plead guilty to the following charge(s):  Count 1 of the indictment, charging a violation of 18 U.S.C. § 111(a)(1) and (b), Assault of a Federal Officer causing bodily injury.

Dated this _22_ day of _November_, 2021.

_____
ZACHARY PAUL ANDERSON
Defendant

I certify that I have discussed this statement and the document entitled "Plea Agreement" with the defendant. I certify that I have fully explained the defendant's rights to him or her and have assisted him or her in completing this form. I believe that the defendant understands his or her rights and these statements.

Dated this _22_ day of _November_, 2021.

_____
MARY V. BUTTERTON
Attorney for Defendant

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.      21-cr-00104-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ZACHARY PAUL ANDERSON,

        Defendant.
_____

**UNOPPOSED MOTION TO CONTINUE SENTENCING HEARING**
_____

        Mr. Zachary Anderson, by and through his attorney Mary V. Butterton, respectfully requests this Court enter an order continuing his Sentencing Hearing, currently set for February 18, 2022, to a date in mid-April 2022. In support of this request, he states as follows:

        1.      On April 6, 2021, Mr. Anderson was indicted on two violations of 18 U.S.C. § 111, Assault on a Federal Officer. Doc. 1. On July 30, 2021, Mr. Anderson was arrested pursuant to that indictment. Doc 4. Mr. Anderson is currently serving a separate federal sentence, and remains in custody pending these charges. Doc. 9.

        2.      On November 22, 2021, Mr. Anderson entered a plea of guilty to Count 1 of the Indictment; a sentencing hearing was set for February 18, 2022. Doc. 18.

        3.      In preparation for the hearing, undersigned counsel has requested Mr. Anderson's Bureau of Prisons (BOP) records. These records are only available through a Freedom of Information Act (FOIA) request; counsel has been informed that BOP will take at least three months to produce the records. These records are critical to painting a full picture of Mr. Anderson's time in the BOP as well as providing mitigating mental health information.

4.      As Mr. Anderson is currently serving an unrelated federal sentence, he is not prejudiced by this continuance.

5.      Undersigned counsel has conferred with Assistant United States Attorney Daniel McIntyre, who has no objection to this request.


WHEREFORE, Mr. Zachary Anderson respectfully moves this Court to enter an order continuing his Sentencing Hearing, currently set for February 18, 2022, to a date in mid-April 2022.


Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Mary V. Butterton
MARY V. BUTTERTON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Mary_Butterton@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Daniel McIntyre, Assistant United States Attorney
Email: Daniel_McIntyre@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Zachary Anderson (via U.S. Mail)

s/ Mary V. Butterton
MARY V. BUTTERTON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Mary_Butterton@fd.org
Attorney for Defendant

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Daniel Robert McIntyre (caseview.ecf@usdoj.gov,
daniel.mcintyre@usdoj.gov, ian.mccandless@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Albert
C. Buchman (al.buchman@usdoj.gov, brenda.lozano2@usdoj.gov, caseview.ecf@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Mary Virginia Butterton (co.ecf@fd.org,
mary_butterton@fd.org, savanna_rice@fd.org), Judge Raymond P. Moore
(moore_chambers@cod.uscourts.gov)
--Non Case Participants: Gregory Allen Holloway (maureen.carle@usdoj.gov), rkins
(ryan_kinsella@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:8441263@cod.uscourts.gov
Subject:Activity in Case 1:21-cr-00104-RM USA v. Anderson Order on Motion for Order
```
Content–Type: text/html

### U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 1/4/2022 at 12:38 PM MST and filed on 1/4/2022

| | |
|---|---|
| **Case Name:** | USA v. Anderson |
| **Case Number:** | 1:21–cr–00104–RM |
| **Filer:** | |
| **Document Number:** | 23(No document attached) |

**Docket Text:**
 **ORDER granting [22] Unopposed Motion to Continue Sentencing Hearing as to Zachary Paul Anderson (1). The Sentencing Hearing set for February 18, 2022, is VACATED. Counsel are directed to contact the Court's Judicial Assistant via email (Deanne_Bader@cod.uscourts.gov), on or before the close of business on Friday, January 7, 2022, to reset the Sentencing Hearing. SO ORDERED by Judge Raymond P. Moore on 1/4/2022. (Text Only Entry) (rmsec )**

**1:21–cr–00104–RM–1 Notice has been electronically mailed to:**

Daniel Robert McIntyre    daniel.mcintyre@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, ian.mccandless@usdoj.gov

Mary Virginia Butterton    mary_butterton@fd.org, co.ecf@fd.org, savanna_rice@fd.org

Albert C. Buchman    al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, brenda.lozano2@usdoj.gov

**1:21–cr–00104–RM–1 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.     21-cr-00104-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ZACHARY PAUL ANDERSON,

       Defendant.

_____

## MOTION TO WITHDRAW AS COUNSEL OF RECORD AND TO
## APPOINT NEW COUNSEL FROM THE CRIMINAL JUSTICE ACT PANEL
_____

The Office of the Federal Public Defender, through Mary V. Butterton, Assistant Federal Public Defender, moves to withdraw as appointed counsel for the above-named defendant.  In support of this motion, Defendant states that:

1.      Mr. Anderson was appointed counsel through the Criminal Justice Act on July 30, 2021. Doc. 6. Undersigned counsel and the Office of the Federal Public Defender ("FPD") entered an appearance on August 2, 2021. Doc. 11.

2.      The United States District Court for the District of Colorado has adopted the Colorado Rules of Professional Conduct. *See* D.C.COLO.LAttyR 2(a).  Colorado Rule of Professional Conduct 1.16 authorizes withdrawal for good cause.  *See* Colo. RPC 1.16 (2012). Undersigned counsel maintains that good cause exists for withdrawal in the present case.

3. Colorado Rule of Professional Conduct 1.7 prevents the representation of a client if the representation involves a concurrent conflict of interest. See Colo. RPC 1.7 (2012). Such a conflict exists if:

> 1) The representation of one client will be directly adverse to another client; or
> 2) There is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person . . .

> *Id.*

4. The FPD has a conflict of interest between Mr. Anderson and another client represented by her office.

5. Continued representation of Mr. Anderson would potentially violate Rules 1.7 and 1.9 of the Colorado Rules of Professional Conduct as adopted in D.C.Colo.L.CrR 57.6. The FPD cannot fulfill its duty of loyalty to either client due to their competing interests and cannot choose between them. Therefore, the FPD is ethically required to file this motion to withdraw.

6. Pursuant to D.C.Colo. L. Cr. R. 57.5.D, a copy of this motion is being mailed to Mr. Anderson. Because Mr. Anderson previously has been declared indigent, and to assist Mr. Anderson in complying with these rules, this motion respectfully requests that a member of the Criminal Justice Act Panel be appointed to represent him.

7. Undersigned counsel will work with appointed counsel to ensure preparation for all future court appearances and deadlines.

WHEREFORE, undersigned counsel respectfully moves this Court for an Order allowing the FPD to withdraw as counsel of record and appoint new counsel from the CJA panel. Counsel also requests that ECF Notification be terminated.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Mary Butterton
MARY BUTTERTON
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: Mary_Butterton@fd.org
Attorney for Defendant

3

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2022 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Daniel McIntyre, Assistant United States Attorney
Email: Daniel.McIntyre@usdoj.gov

Albert Buchman, Assistant United States Attorney
Email: Al.Buchman@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Zachary Anderson (via U.S. Mail)


s/ Mary Butterton
MARY BUTTERTON
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: Mary_Butterton@fd.org
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Criminal Case No. 21-cr-00104-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.      ZACHARY PAUL ANDERSON,

      Defendant.

_____

**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD AND TO**
**APPOINT NEW COUNSEL FROM THE CRIMINAL JUSTICE ACT**
_____

This matter is before the Court on the Motion to Withdraw as Counsel of Record and to Appoint New Counsel from the Criminal Justice Act Panel (the "Motion") (ECF No. 24). The Court, having reviewed the Motion and being full advised, hereby

ORDERS that the Motion to Withdraw as Counsel of Record and to Appoint New Counsel from the Criminal Justice Act is GRANTED and Mary Butterton is allowed to withdraw as counsel for Defendant - effective upon entry of appearance of substitute counsel, and

FURTHER ORDERS that conflict-free counsel from the Criminal Justice Act Panel shall be appointed for this Defendant.

Dated this 5th day of January, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Daniel Robert McIntyre (caseview.ecf@usdoj.gov,
daniel.mcintyre@usdoj.gov, ian.mccandless@usdoj.gov, usaco.ecfcriminal@usdoj.gov), John M.
Richilano (jmr@richilanoshea.com, paralegal2@richilanoshea.com,
paralegal@richilanoshea.com), Albert C. Buchman (al.buchman@usdoj.gov,
caseview.ecf@usdoj.gov, stephanie.price@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Mary
Virginia Butterton (co.ecf@fd.org, mary_butterton@fd.org, savanna_rice@fd.org), Judge
Raymond P. Moore (moore_chambers@cod.uscourts.gov)
--Non Case Participants: Gregory Allen Holloway (maureen.carle@usdoj.gov), rkins
(ryan_kinsella@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:8667295@cod.uscourts.gov
Subject:Activity in Case 1:21-cr-00104-RM USA v. Anderson Minute Order
Content-Type: text/html
```

### U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 6/14/2022 at 9:37 AM MDT and filed on 6/14/2022

| | |
|---|---|
| **Case Name:** | USA v. Anderson |
| **Case Number:** | <u>1:21–cr–00104–RM</u> |
| **Filer:** | |
| **Document Number:** | 34(No document attached) |

**Docket Text:**
 **MINUTE ORDER as to Zachary Paul Anderson. This matter is before the Court *sua sponte*. The Sentencing Hearing currently set for June 17, 2022, is VACATED. Counsel are directed to contact the Court's Judicial Assistant via email (Deanne_bader@cod.uscourts) on or before the close on June 16, 2022, to reset this matter approximately 45 days from today's date. The reason that the matter is being continued is because there is a significant possibility, in the eyes of the Court, that the Defendant is subject to the career offender guideline based on his convictions at &para&para 32 and 39 of the Presentence Investigation Report. The Probation Office's view on this matter will be set forth in an Addendum to be filed within 10 days of the date of this Order. Upon the filing of the Addendum, the parties shall have 10 days within which to file objections or further sentencing statements based on the Addendum. SO ORDERED by Judge Raymond P. Moore on 6/14/2022. (Text Only Entry) (rmsec )**

**1:21–cr–00104–RM–1 Notice has been electronically mailed to:**

John M. Richilano     jmr@richilanoshea.com, paralegal@richilanoshea.com, paralegal2@richilanoshea.com

Daniel Robert McIntyre     daniel.mcintyre@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, ian.mccandless@usdoj.gov

Mary Virginia Butterton (Terminated)     mary_butterton@fd.org, co.ecf@fd.org, savanna_rice@fd.org

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, stephanie.price@usdoj.gov

**1:21−cr−00104−RM−1 Notice has been mailed by the filer to:**

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Daniel Robert McIntyre (caseview.ecf@usdoj.gov,
daniel.mcintyre@usdoj.gov, ian.mccandless@usdoj.gov, usaco.ecfcriminal@usdoj.gov), John M.
Richilano (jmr@richilanoshea.com, paralegal2@richilanoshea.com,
paralegal@richilanoshea.com), Albert C. Buchman (al.buchman@usdoj.gov,
caseview.ecf@usdoj.gov, stephanie.price@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Mary
Virginia Butterton (co.ecf@fd.org, mary_butterton@fd.org, savanna_rice@fd.org), Judge
Raymond P. Moore (moore_chambers@cod.uscourts.gov)
--Non Case Participants: Gregory Allen Holloway (maureen.carle@usdoj.gov), rkins
(ryan_kinsella@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:8671238@cod.uscourts.gov
Subject:Activity in Case 1:21-cr-00104-RM USA v. Anderson Minute Order
```
Content–Type: text/html

## U.S. District Court – District of Colorado

## District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 6/16/2022 at 9:44 AM MDT and filed on 6/16/2022

| | |
|---|---|
| **Case Name:** | USA v. Anderson |
| **Case Number:** | <u>1:21–cr–00104–RM</u> |
| **Filer:** | |
| **Document Number:** | 35(No document attached) |

**Docket Text:**
 **MINUTE ORDER as to Zachary Paul Anderson. Sentencing RESET for 8/29/2022 at 09:30 AM in Courtroom A 601 before Judge Raymond P. Moore. SO ORDERED by Judge Raymond P. Moore on 6/16/2022. (Text Only Entry) (rmsec )**

**1:21–cr–00104–RM–1 Notice has been electronically mailed to:**

John M. Richilano     jmr@richilanoshea.com, paralegal@richilanoshea.com, paralegal2@richilanoshea.com

Daniel Robert McIntyre     daniel.mcintyre@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, ian.mccandless@usdoj.gov

Mary Virginia Butterton (Terminated)     mary_butterton@fd.org, co.ecf@fd.org, savanna_rice@fd.org

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, stephanie.price@usdoj.gov

**1:21–cr–00104–RM–1 Notice has been mailed by the filer to:**

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Albert C. Buchman (al.buchman@usdoj.gov, brenda.lozano2@usdoj.gov,
caseview.ecf@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Mary Virginia Butterton
(co.ecf@fd.org, mary_butterton@fd.org, savanna_rice@fd.org), Daniel Robert McIntyre
(caseview.ecf@usdoj.gov, daniel.mcintyre@usdoj.gov, ian.mccandless@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), John M. Richilano (jmr@richilanoshea.com,
paralegal2@richilanoshea.com, paralegal@richilanoshea.com), Judge Raymond P. Moore
(moore_chambers@cod.uscourts.gov)
--Non Case Participants: Gregory Allen Holloway (maureen.carle@usdoj.gov), rkins
(ryan_kinsella@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:8445695@cod.uscourts.gov
Subject:Activity in Case 1:21-cr-00104-RM USA v. Anderson Minute Order
```
Content–Type: text/html

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 1/6/2022 at 12:25 PM MST and filed on 1/6/2022

| | |
|---|---|
| **Case Name:** | USA v. Anderson |
| **Case Number:** | 1:21–cr–00104–RM |
| **Filer:** | |
| **Document Number:** | 27(No document attached) |

**Docket Text:**
**MINUTE ORDER as to Zachary Paul Anderson. Sentencing RESET for 6/17/2022 at 03:00 PM in Courtroom A 601 before Judge Raymond P. Moore. SO ORDERED by Judge Raymond P. Moore on 1/6/2022. (Text Only Entry) (rmsec)**

**1:21–cr–00104–RM–1 Notice has been electronically mailed to:**

John M. Richilano    jmr@richilanoshea.com, paralegal@richilanoshea.com, paralegal2@richilanoshea.com

Daniel Robert McIntyre    daniel.mcintyre@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, ian.mccandless@usdoj.gov

Mary Virginia Butterton (Terminated)    mary_butterton@fd.org, co.ecf@fd.org, savanna_rice@fd.org

Albert C. Buchman    al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, brenda.lozano2@usdoj.gov

**1:21–cr–00104–RM–1 Notice has been mailed by the filer to:**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

| | |
|---|---|
| Courtroom Deputy: Cathy Pearson | Date: August 29, 2022 |
| Court Reporter: Tammy Hoffschildt | Interpreter: n/a |
| Probation: Ryan Kinsella | |

**CASE NO. 21-cr-00104-RM**

Parties                                                                        Counsel

UNITED STATES OF AMERICA,                                 Daniel McIntyre

      Plaintiff,

v.

1.  ZACHARY PAUL ANDERSON,                           John Richilano

      Defendant.

---

**COURTROOM MINUTES**

---

**MOTION HEARING/SENTENCING HEARING**
**Court in session:  9:31 a.m.**

Appearances of counsel.   Defendant is present and in custody.

Remarks made by the Court regarding today's hearing and Defendant's motion (Doc. 39).

The Court states findings regarding Defendant's motion (Doc. 39).

**ORDERED:**  Defendant's motion (Doc. 39) is DENIED.

Mr. Richilano makes statements regarding the Court's ruling on the motion.

The Court proceeds to sentencing.

Defendant entered his plea on November 22, 2021, to Count 1 of the Indictment.   The Court formally accepts the Plea Agreement at this hearing.

Discussion held regarding other pending motions and objections to the Presentence Investigation Report.

Argument given regarding sentencing.

Defendant addresses the Court.

Statement by the Court regarding the defendant's offense level, criminal history level, and sentencing guidelines range.

The Court states its findings and conclusions.

**ORDERED:** Defendant's motion (Doc. 32) is DENIED.

**ORDERED:** Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, ZACHARY PAUL ANDERSON, is hereby committed to the custody of the Bureau of Prisons to be **imprisoned** for a term of **60 months, to be served consecutively to the sentence imposed in the U.S. District Court, District of Utah case number 18-cr-00496-DAK.**

**No term of supervised release is imposed.**

**ORDERED:** Defendant shall pay **$100** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:** **No fine** is imposed, because the defendant has no ability to pay a fine.

Defendant is advised of his right to appeal the sentence imposed by the Court.

**ORDERED:** Any notice of appeal must be filed within 14 days.

**ORDERED:** Defendant is REMANDED to the custody of the U.S. Marshal.

**ORDERED:** Government's oral motion that the defendant receive the third point for acceptance of responsibility and to dismiss Count 2 of the Indictment are GRANTED.

**Court in recess:      10:58 a.m.**
Hearing concluded.
Total time:            1:27

AO 245B (CO Rev. 11/20)     Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

District of Colorado

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>ZACHARY PAUL ANDERSON | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:    1:21-cr-00104-RM-1<br>USM Number:    26347-081<br><br>John M. Richilano<br><sub>Defendant's Attorney</sub> |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   1 of the Indictment.

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 111(a)(1) and (b) | Assault of a Federal Officer Causing Bodily Injury | 04/30/2020 | 1 |

   The defendant is sentenced as provided in pages 2 through   4   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s)   2 of the Indictment.   ☒ is  ☐ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 17, 2022
<sub>Date of Imposition of Judgment</sub>

<sub>Signature of Judge</sub>

Raymond P. Moore, United States District Judge
<sub>Name and Title of Judge</sub>

August 31, 2022
<sub>Date</sub>

AO 245B (CO Rev. 11/20) Judgment in Criminal Case

Judgment — Page     2     of     4

DEFENDANT:        ZACHARY PAUL ANDERSON
CASE NUMBER:     1:21-cr-00104-RM-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **sixty (60) months,** consecutive to the sentence imposed in United States District Court, District of Utah, Docket No. 2:18-CR-00486-001-DAK.

☐        The court makes the following recommendations to the Bureau of Prisons:

☒        The defendant is remanded to the custody of the United States Marshal.

☐        The defendant shall surrender to the United States Marshal for this district:

    ☐        at _____ ☐ a.m. ☐ p.m.   on _____ .

    ☐        as notified by the United States Marshal.

☐        The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐        before 2 p.m. on _____ .

    ☐        as notified by the United States Marshal.

    ☐        as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (CO Rev. 11/20) Judgment in Criminal Case

|  | Judgment — Page 3 of 4 |
|---|---|

DEFENDANT:       ZACHARY PAUL ANDERSON
CASE NUMBER:    1:21-cr-00104-RM-1

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on the following page.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ _____ | $ _____ | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the following page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the       ☐ fine       ☐ restitution.

☐ the interest requirement for the       ☐ fine       ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Publ. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (CO Rev. 11/20) Judgment in Criminal Case

DEFENDANT:      ZACHARY PAUL ANDERSON
CASE NUMBER:      1:21-cr-00104-RM-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☐   Lump sum payment of   $ _____   due immediately, balance due

     ☐   not later than _____ , or
     ☐   in accordance with   ☐   C,   ☐   D,   ☐   E, or   ☐   F below; or

B   ☒   Payment to begin immediately (may be combined with   ☐   C,   ☐   D, or   ☐   F below); or

C   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

Case Number
Defendant and Co-Defendant Names
*(including defendant number)*      Total Amount      Joint and Several Amount      Corresponding Payee, if appropriate

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:21-cr-00104-RM-1

UNITED STATES OF AMERICA

       Plaintiff,

v.

**ZACHARY PAUL ANDERSON,**

       Defendant.

_____

## NOTICE OF APPEAL
_____

      Notice is hereby given that Defendant Zachary Paul Anderson, in the above-
named case, appeals to the United States Court of Appeals for the Tenth Circuit from
the judgment entered August 31, 2022, in this matter.

      Respectfully submitted this 9th day of September 2022.

                 *s/ John M. Richilano*_____
                 John M. Richilano
                 Richilano Shea LLC
                 1800 15th Street, Suite 101
                 Denver, CO 80202
                 Telephone: (303) 893-8000
                 Email: jmr@richilanoshea.com
                 Attorney for Defendant Zachary Paul Anderson

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September 2022 I electronically filed the foregoing **NOTICE OF APPEAL** with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to the following email addresses:

**Daniel Robert McIntyre**
Email: daniel.mcintyre@usdoj.gov

**Albert C. Buchman**
al.buchman@usdoj.gov

_s/ Crystal Hendry_
Crystal Hendry